# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39825 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Sean W. HARRINGTON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

On Remand from

the United States Court of Appeals for the Armed Forces

Decided 25 June 2026

———————————

*Military Judge*: Brian M. Thompson.

*Sentence*: Sentence adjudged 24 October 2024 by GCM convened at Cannon Air Force Base, New Mexico. Sentence entered by military judge on 13 February 2025: Dishonorable discharge, 10 years of confinement, and reduction to E-1.

*For Appellant*: Major Jordan L. Grande, USAF.

*For Appellee*: Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Catherine D. Mumford, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MCCALL, and KUBLER, *Appellate Military Judges*.

Senior Judge DOUGLAS delivered the opinion of the court, in which Judge MCCALL and Judge KUBLER joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

DOUGLAS, Senior Judge:

This case is before us a third time. Originally, on 30 June 2019, contrary to Appellant's pleas, a general court-martial composed of officer members convicted Appellant of one specification of involuntary manslaughter in violation of Article 119, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 919; and one specification of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934, *Manual for Courts-Martial, United States* (2016 ed.). Also, Appellant was found guilty, consistent with his pleas, of one specification of wrongful use of cocaine and one specification of wrongful use of marijuana, both on divers occasions and both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, *Manual for Courts-Martial, United States* (2012 ed.).[1] On 1 July 2019, the same members sentenced Appellant to a dishonorable discharge, confinement for 14 years, and reduction to the grade of E-1.

After this court affirmed the findings and sentence, *United States v. Harrington*, No. ACM 39825, 2021 CCA LEXIS 524, *104–05 (A.F. Ct. Crim. App. 14 Oct. 2021) (unpub. op.), the United States Court of Appeals for the Armed Forces (CAAF) granted Appellant's petition for review of three issues. *United States v. Harrington*, 82 M.J. 267 (C.A.A.F. 2022) (order). Ultimately, the CAAF found in Appellant's favor on two of those issues: (1) "whether the military judge abused his discretion by denying Appellant's request to instruct the panel members on the maximum punishment available for each of Appellant's offenses of conviction," and (2) "whether the military judge abused his discretion in allowing the Government trial counsel to participate in the delivery of the unsworn statement of the homicide victim's parents." *United States v. Harrington*, 83 M.J. 408, 412 (C.A.A.F. 2023). The CAAF affirmed the findings but reversed the sentence, returning the case to The Judge Advocate General for remand to this court "to either reassess the sentence based on the affirmed findings or order a sentence rehearing." *Id.* at 423.

On 3 May 2024, we authorized a sentence rehearing. *United States v. Harrington*, No. ACM 39825 (rem), 2024 CCA LEXIS 168 (A.F. Ct. Crim. App. 3 May 2024) (unpub. op.).

A sentence rehearing was held from 21 through 24 October 2024. Appellant once again elected a panel of officer members. They sentenced Appellant to a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1.[2]

---

[1] Unless otherwise noted, all other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant was credited with 6 years, 3 months, and 20 days of pretrial confinement credit.

Appellant personally raises two issues on appeal,[3] whether: (1) Appellant was prejudiced by the failure of the Naval Consolidated Brig Charleston (NCBC) to account for the earned time he accrued at the United States Disciplinary Barracks prior to his transfer, and (2) Appellant was prejudiced by the NCBC losing an item he mailed, including his notes about his appeal.

We have carefully considered Appellant's concerns. We find Appellant's concerns regarding the calculation of his earned time, and lost mail, do not warrant discussion or relief. *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987).

We find no error materially prejudicial to Appellant's substantial rights.

The findings of guilty were previously affirmed. The sentence as entered is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. *See* Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the sentence is **AFFIRMED**.

FOR THE COURT

SEAN J. SULLIVAN, Maj, USAF
Acting Clerk of the Court

---

[3] *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).